Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| BANCRÉDITO HOLDING CORPORATION EN SU PROPIO NOMBRE Y DERIVADAMENTE A BENEFICIO DE BANCRÉDITO BANK & TRUST<br><br>Apelante<br><br>V.<br><br>DRIVEN ADMINISTRATIVE SERVICES BANCRÉDITO BANK & TRUST<br><br>Apelada | KLAN202500378 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2024CV006643<br><br>Sobre: Acción Derivativa |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 23 de mayo de 2025.

El 2 de mayo de 2025, compareció ante este Tribunal de Apelaciones *Bancrédito Holding Corporation* (en adelante, BHC o parte apelante), mediante recurso de *Apelación.* Por medio de este, nos solicita que revisemos la *Sentencia* emitida el 30 de enero de 2025, notificada al próximo día, por el Tribunal de Primera Instancia, Sala Superior de San Juan. En virtud del aludido dictamen, el foro primario declaró Ha Lugar la *Moción de Desestimación* presentada por Driven Administrative Services (en adelante, Driven o parte apelada).

Por los fundamentos que adelante se exponen, se desestima el recurso de apelación por falta de jurisdicción.

**I**

Los hechos que suscitaron la controversia de epígrafe se remontan a una *Demanda* sobre acción derivativa instada el 17 de

Número Identificador

SEN2025 _____

julio de 2024, por la parte apelante.[1] Tras varias incidencias procesales innecesarias pormenorizar, el 27 de septiembre de 2024, BHC presentó una *Demanda Enmendada.*[2]

Así las cosas, el 25 de octubre de 2024, Driven presentó *Moción Solicitando Desestimación de la Demanda Enmendada y Solicitud de Imposición de Honorarios de Abogado por Temeridad*, al amparo de las Reglas 10.2(5) y 44.1(d) de Procedimiento Civil, 4 LPRA Ap. X, R. 10.2(5) y 44.1(d).[3]

El 18 de noviembre de 2024, BHC instó *Oposición a Solicitud de Desestimación de Demanda Enmendada y Solicitud de Imposición de Honorarios de Abogado por Temeridad.*[4] Posteriormente, el 10 de diciembre de 2024, Driven presentó una *Réplica a "Oposición a Solicitud de Desestimación de Demanda Enmendada y solicitud de Imposición de Honorarios de Abogado por Temeridad".*[5] Más adelante, el 20 de diciembre de 2024, la parte apelante presentó *Dúplica a "Réplica a Oposición a Solicitud de Desestimación de Demanda Enmendada y solicitud de Imposición de Honorarios de Abogado por Temeridad".*[6]

Atendidos los escritos de las partes, el 30 de enero de 2025, notificada al día siguiente, el foro primario emitió *Sentencia*, declarando Ha Lugar la *Moción Solicitando Desestimación de la Demanda Enmendada y Solicitud de Imposición de Honorarios de Abogado por Temeridad.*[7]

En desacuerdo, el 18 de febrero de 2025, BHC instó *Moción de Reconsideración.*[8] Posteriormente, el 10 marzo de 2025, Driven se opuso mediante *Oposición a "Moción de Reconsideración".*[9]

---

[1] Apéndice del recurso apelativo, págs. 11-173.
[2] *Íd.*, págs. 205-356.
[3] *Íd.*, págs. 543-635.
[4] *Íd.*, págs. 703-742.
[5] *Íd.*, págs. 746-756.
[6] *Íd.*, págs. 759-769.
[7] *Íd.*, págs.1-7.
[8] *Íd.*, págs. 773-785.
[9] *Íd.*, págs. 788-810.

El 2 de abril de 2025, el Tribunal de Primera Instancia emitió *Resolución Interlocutoria,* declarando No Ha Lugar la solicitud de reconsideración.[10]

Inconforme aún, el 2 de mayo de 2025, BHC acudió ante este foro revisor y esgrimió los siguientes señalamientos de error:

1. ERRÓ EL TPI AL DICTAR EN ESTA ETAPA PROCESAL UNA *SENTENCIA* DESESTIMANDO LA *DEMANDA ENMENDADA* MEDIANTE EL MECANISMO DE LA REGLA 10.2 DE PROCEDIMIENTO CIVIL, AL NO TOMAR EN CONSIDERACIÓN NUMEROSOS HECHOS ALEGADOS QUE DEBIÓ DAR POR CIERTOS Y QUE IMPEDÍAN LA DESESTIMACIÓN AL EVIDENCIARSE QUE BHC DETENTABA UNA RECLAMACIÓN QUE JUSTIFICABA LA CONCESIÓN DE UN REMEDIO.

2. ERRÓ EL TPI AL DICTAR *SENTENCIA* DESESTIMANDO LA *DEMANDA ENMENDADA* SOBRE LA BASE DE UNA ALEGA EXISTENCIA DE DOCUMENTOS SOLICITADOS POR BHC "PARA LOS QUE NO SE CUMPLIÓ CON EL TÉRMINO JURISDICCIONAL DE CINCO DÍAS, YA QUE SE HAN SOLICITADO POR PRIMERA VEZ EN ESTE CASO", PERO SIN IDENTIFICAR NI CONCRETAR A QUÉ DOCUMENTOS HACE REFERENCIA.

3. ERRÓ EL TPI AL DICTAR *SENTENCIA* DESESTIMANDO LA *DEMANDA ENMENDADA* SOBRE LA BASE DE UNA PRETENDIDA FALTA DE ALEGACIÓN POR PARTE DE BHC DE UN PROPÓSITO VÁLIDO PARA SOLICITAR LOS DOCUMENTOS AL SÍNDICO DRIVEN.

Mediante *Resolución* emitida el 6 de mayo de 2025, le ordenamos a la parte apelante acreditar en o antes del martes, 13 de mayo de 2025, haber notificado copia del recurso de epígrafe a la parte apelada, ello, de conformidad con la Regla 13(B) del Reglamento de este Tribunal[11] y al Tribunal de Primera Instancia, conforme a lo dispuesto por la Regla 14 de las Reglas del Tribunal de Apelaciones[12].

Posteriormente, el 9 de mayo de 2025, Driven presentó *Moción de Desestimación de Recurso de Apelación por Falta de Jurisdicción.*

---

[10] *Íd.*, pág. 8.
[11] 4 LPRA Ap. XXII-B, R. 13(B).
[12] 4 LPRA Ap. XXII-B, R. 14.

A grandes rasgos, adujo que, BHC no había notificado el recurso de apelación al foro primario dentro del término de setenta y dos horas dispuesto por las reglas de este tribunal intermedio.

El 12 de mayo de 2025, la parte apelante instó *Moción para Informar Cumplimiento con las Reglas 13 y 14 del Tribunal de Apelaciones*. Por medio de esta, sostuvo que, el 9 de mayo de 2025, había presentado una moción al foro primario para informar sobre la presentación del recurso apelativo. Así, BHC reconoció que, la notificación al Tribunal de Primera Instancia no había sido realizada dentro del término que dispone el Reglamento del Tribunal de Apelaciones.

A los fines de mostrar justa causa, la parte apelante sostuvo que, el abogado encargado de realizar la gestión, el licenciado Enrique S. Enríquez Aranda (en adelante, licenciado Enríquez Aranda), había atravesado un proceso viral en España que afectó su estado de salud varios días. Detalló que, la situación de salud fue empeorando, lo que obligó que este acudiera a emergencias el 7 de mayo de 2025, donde fue diagnosticado con "CVA (Catarro de Vías Altas)". Alegó que, una vez el Licenciado Enríquez Aranda informó sobre su estado de ánimo a la oficina, se realizaron las gestiones pertinentes para cumplir con la obligación en cuestión.

Más adelante, el 20 de mayo de 2025, BHC presentó *Oposición a Moción de Desestimación de Recurso de Apelación por Falta de Jurisdicción*. En esencia, reiteró las razones por las cuales la notificación del recurso al foro primario no había sido realizada dentro del término correspondiente. Añadió que, la necesidad de notificar al tribunal *a quo* resultaba inconsecuente. Asimismo, adujo que, las enmiendas al Reglamento del Tribunal de Apelaciones, las cuales entran en vigor el 16 de junio de 2025, eliminan el deber de notificar al Tribunal de Primera Instancia cuando la radicación del recurso apelativo se realiza de forma electrónica.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

### A. *Jurisdicción*

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Miranda Corrada v. DDEC et al.*, 211 DPR 738, 745 (2023); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89 (2020); *Torres Alvarado v Madera Atiles*, 202 DPR 495, 499-500 (2019); *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011). Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *Miranda Corrada v. DDEC et al.,* supra; *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 298 (2022); *Torres Alvarado v. Madera Atiles*, supra, pág. 500; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009). La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgtm. Group. v. Oriental Bank*, 204 DPR 374, 386 (2020); *Torres Alvarado v Madera Atiles*, supra; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Souffront v. AAA*, 164 DPR 663, 674 (2005).

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015); *Mun. De San Sebastián v. QMC Telecom*, 190 DPR 652, 600 (2014); *Souffront v. AAA*, supra; *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394-395 (2022).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

### B. Perfeccionamiento de los Recursos

Como norma general, el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013); *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987). Es por lo que, las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *Pueblo v. Pérez Delgado*, 211 DPR 654, 671 (2023); *UGT v. Centro Médico del Turabo*, 208 DPR 944, 957 (2022); *Soto Pino v. Uno Radio Group*, supra; *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011). El incumplimiento con las disposiciones reglamentarias sobre forma, contenido y presentación de los recursos apelativos pudiera tener como consecuencia la desestimación de estos. *Pueblo v. Valentín Rivera*, 197 DPR 636, 641 (2017) (sentencia); *Pueblo v. Rivera Toro*, 173 DPR 137, 145 (2008). El Tribunal Supremo ha expresado que "los abogados están obligados a cumplir fielmente con el trámite prescrito en las leyes y en los reglamentos aplicables para el perfeccionamiento de los recursos, no puede quedar al arbitrio de los abogados decidir qué disposiciones reglamentarias se deben acatar y cuándo". *Pueblo v. Pérez Delgado*, supra, págs. 671-672; *Hernández Maldonado v. Taco Maker*, supra.

Esta norma es necesaria para que se coloque a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tienen ante sí. *Soto Pino v. Uno Radio Group*, supra. Nuestra Máxima Curia ha requerido un cumplimiento fiel y estricto con las disposiciones

reglamentarias, tanto de nuestro Tribunal Supremo como de este Tribunal de Apelaciones. *Íd.*; *Hernández Maldonado v. Taco Maker*, supra; *Arraiga v. F.S.E.*, 145 DPR 122, 130 (1998).

En lo pertinente al caso de marras, la Regla 14 del Reglamento del Tribunal de Apelaciones, *supra*, rige los aspectos concernientes a la notificación de la presentación del recurso de apelación al Tribunal de Primera Instancia. Específicamente, la referida Regla dispone lo siguiente:

> *Regla 14 – Presentación y Notificación*
>
> (A) …
>
> (B) De presentarse el original del recurso de apelación en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente, la parte apelante deberá notificar la cubierta o primera página del escrito de apelación, debidamente sellada con la fecha y hora de presentación, a la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la Sentencia apelada, **dentro de setenta y dos horas siguientes a la presentación del escrito de apelación**. Este término será de **cumplimiento estricto**.
>
> […] (Énfasis nuestro).

Según puede observarse, el término antes dispuesto es uno de cumplimiento estricto. Con relación a los términos de cumplimiento estricto y jurisdiccional, el Tribunal Supremo de Puerto Rico expresó en *Soto Pino v. Uno Radio Group*, supra, pág. 92, lo siguiente:

> Es norma harto conocida en nuestro ordenamiento que un término de cumplimiento estricto puede ser prorrogado por los tribunales. Ello a diferencia de los llamados términos jurisdiccionales, cuyo incumplimiento impide la revisión judicial por privar de jurisdicción a los tribunales. Véase *Cruz Parrilla v. Depto. Familia,* 184 D.P.R. 393 (2012). Sin embargo, para prorrogar un término de cumplimiento estricto "generalmente se requiere que la parte que solicita la prórroga, o que actúa fuera de término, presente justa causa por la cual no puede cumplir con el término establecido". *Íd.* pág. 403.

Dicha norma fue reiterada posteriormente, en *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 170 (2016), al indicar que "los

tribunales no gozan de discreción para prorrogar los términos de cumplimiento estricto automáticamente". En el aludido caso, el Tribunal Supremo dispuso lo siguiente:

> [E]l foro adjudicativo tiene discreción para extender un término de cumplimiento estricto **solo cuando la parte que lo solicita demuestra justa causa para la tardanza**. Al ser así, se le requiere a quien solicita la prórroga o a quien actúe fuera del término que presente justa causa por la cual no puede o pudo cumplir con el término establecido. En conformidad con esto, nuestra última instancia judicial ha reafirmado que los tribunales podrán eximir a una parte de observar el cumplimiento con un término de este tipo únicamente si concurren las condiciones siguientes: **(1) que en efecto exista justa causa para la dilación y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación, es decir, que acredite de manera adecuada la justa causa aludida**. (Citas omitidas en el original). (Énfasis nuestro). *Íd.*, pág. 171.

En ausencia de las circunstancias antes mencionadas, el tribunal carece de discreción para prorrogar el término, y por consiguiente, acoger el recurso apelativo ante su consideración. *Freire Ruiz v. Morales Román,* supra. Las partes litigantes deben atender estos requerimientos con seriedad, ya que "[n]o se permitirá desviación alguna del plazo [...] so pena de desestimación del recurso, a menos que la tardanza ocurrida se justifique detalladamente y a cabalidad". *Pueblo v. Fragoso Sierra,* 109 DPR 536, 539 (1980). Con respecto al requisito de justa causa, en *Soto Pino v. Uno Radio Group,* supra, nuestra Alta Curia reiteró que la justa causa se acredita mediante explicaciones "concretas y particulares, -debidamente evidenciadas en el escrito- que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o la demora". *Soto Pino v. Uno Radio Group,* supra pág. 93, citando a *Febles v. Romar,* supra, pág. 720; *Freire Ruiz v. Morales Román,* supra. El Tribunal Supremo, además, ha resaltado que, "no es con vaguedades, excusas o planteamientos estereotipados que se cumple con el requisito de justa causa, sino con explicaciones concretas y particulares, debidamente evidenciadas, que le

permitan al tribunal concluir que la tardanza o demora ocurrió razonablemente, por circunstancias especiales". *Freire Ruiz v. Morales Román*, supra, citando a *García Ramis v. Serrallés*, 171 DPR 250, 254 (2007).

**III**

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si ostentamos jurisdicción para atender el recurso presentado. Veamos.

Según reseñáramos, por medio de su recurso, BHC nos solicita la revisión de la *Sentencia* emitida por el foro primario el 30 de enero de 2025, notificada al próximo día.

Tras la presentación del recurso apelante, le ordenamos a BHC acreditar, en o antes del martes, 13 de mayo de 2025, haber notificado copia del recurso de epígrafe a la parte apelada, de conformidad con la Regla 13(B) del Reglamento de este Tribunal, y al Tribunal de Primera Instancia, conforme a lo dispuesto por la Regla 14 de las Reglas del mismo cuerpo reglamentario.

Subsiguientemente, la parte apelante presentó la *Moción para Informar Cumplimiento con las Reglas 13 y 14 del Tribunal de Apelaciones*. A través de esta, reconoció que la notificación al foro primario no había sido realizada dentro del término de setenta y dos horas, posterior a la presentación del recurso. Detalló que, esta fue realizada el **9 de mayo de 2025**.

Según hemos expuesto, la Regla 14 del Reglamento de este Tribunal, *supra*, –vigente a la fecha de hoy y aplicable al caso de autos–, es **clara** al expresar que, la parte apelante debe notificar el recurso apelativo al foro primario **dentro de setenta y dos horas siguientes a la presentación del escrito de apelación**.

En el presente caso, el recurso apelativo fue presentado el **2 de mayo de 2025**. De modo que, BHC tenía hasta el **lunes, 5 de mayo de 2025**, para presentar la notificación correspondiente. No

obstante, no fue hasta el **9 de mayo de 2025**, que la parte apelante notificó al Tribunal de Primera Instancia sobre la presentación del recurso. Esto es, **cuatro (4) días después** de vencido el término para realizar la notificación en cuestión.

Si bien el término para realizar la notificación es uno de cumplimiento estricto, razonamos que, en el presente caso, las razones ofrecidas por la parte apelante no constituyen justa causa conforme a nuestro estado de derecho. En su *Moción para Informar Cumplimiento con las Reglas 13 y 14 del Tribunal de Apelaciones*, la parte argumenta que, el licenciado Enríquez Aranda, a cargo de realizar la gestión, estuvo padeciendo de un proceso viral durante varios días en España y tuvo que ser hospitalizado.

Junto a su escrito, BHC presentó un documento evidenciando la referida hospitalización del Licenciado Enríquez Aranda. No obstante, advertimos que, del documento surge que, esta ocurrió el 7 de mayo de 2025, por un periodo de menos de una hora. Esto es, dos (2) días luego de vencido el término para notificar el recurso al foro de instancia.

Nótese además, que, después de dicho suceso, transcurrieron dos (2) días adicionales hasta que la parte apelante finalmente notificó el recurso apelativo al foro primario.

En vista de lo anterior, reiteramos que, el argumento esbozado por BHC no constituye justa causa para la dilación.

De acuerdo con lo antes esbozado, procedemos a desestimar el recurso de epígrafe de conformidad con la Regla 83(C) del Reglamento de este Tribunal[13], el cual le confiere facultad a este Tribunal para a iniciativa propia desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

---

[13] 4 LPRA Ap. XXII-B, R. 83.

**IV**

Por los fundamentos expuestos, declaramos Ha Lugar la *Moción de Desestimación de Recurso de Apelación por Falta de Jurisdicción* presentada por la parte apelada. Consecuentemente, se desestima el recurso de apelación por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones